UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARIO SENTELLE CAVIN, LLC,

              Plaintiff,

                                        Case No. 1:11-CV-1370

v.

                                        HON. GORDON J. QUIST

DANIEL HEYNS, et al.,

              Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Mario Sentelle Cavin, has filed Objections to Magistrate Judge Ellen Carmody's October 8, 2013 Report and Recommendation (R & R) (dkt. # 63), recommending that the Court grant Defendants' motion for summary judgment on Plaintiff's two remaining claims: (1) an Eighth Amendment claim against Defendant Anderson; and (2) an equal protection claim against Defendant Heyns.  Regarding Plaintiff's Eighth Amendment claim, the magistrate judge concluded that the evidence, construed in a light most favorable to Plaintiff, fails to show both a sufficiently serious deprivation to support an Eighth Amendment claim and that Defendant Anderson was actually aware that Plaintiff was experiencing the alleged deprivation.  (R & R at 8–9.)  As to Plaintiff's equal protection claim, the magistrate judge concluded that Plaintiff's facial challenge to the practices of (1) prohibiting male corrections officers from performing "pat-downs" on female inmates while allowing female corrections officers to "pat-down" male inmates, and (2) requiring male officers to "announce their presence" before entering a female housing unit but not requiring the same of female officers before entering male housing unit, fails because the policies address an

important interest that is not present in situations involving female corrections officers and male inmates. (R & R at 11.) Finally, the magistrate judge concluded that Defendant Heyns is entitled to dismissal of Plaintiff's equal protection claim based on the prohibition of covering his cell windows because Plaintiff failed to allege that similarly situated prisoners, i.e., female prisoners, are accorded greater privacy than male prisoners.

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, the Court will adopt the R & R and overrule Plaintiff's Objections.

Although Plaintiff presents several arguments concerning his Eighth Amendment claims, he fails to show that the magistrate judge erred in concluding that Plaintiff's evidence fails to establish either the objective or the subjective prong of an Eighth Amendment claim. For example, Plaintiff's assertion that Defendant Anderson knew that prisoners who request indigent status have no other means of obtaining hygiene materials and must rely on the prison for such items fails to show that Defendant Anderson knew that Plaintiff lacked such items. (Objection at 3.) In fact, Plaintiff does not dispute that he never asked Defendant Anderson for a care package. Moreover, Plaintiff does not disagree with the magistrate judge's analysis of the objective prong of Plaintiff's Eighth Amendment claim.

Similarly, Plaintiff's arguments pertaining to his equal protection claim ignore the magistrate judge's explanation that the policies precluding male officers from performing "pat-down" searches of female inmates and requiring male officers to announce their presence serves to address previous incidents of sexual abuse perpetrated by male corrections officers on female inmates, while the same

2

concerns do not exist for female corrections officers with male inmates.  Finally, Plaintiff's reliance on *Mills v. City of Barbourville*, 389 F.3d 568 (6th Cir. 2004), is misplaced, as the Plaintiff in *Mills* asserted an unreasonable search claim, while Plaintiff's claim in the instant case is an equal protection claim.

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation issued October 8, 2013 (dkt. # 63 ) is **ADOPTED** as the Opinion of the Court and Plaintiff's Objections (dkt. # 67) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion For Summary Judgment (dkt. # 53) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.  The Court concludes that an appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

A separate judgment will enter.

This case is **concluded**.


Dated:  January 9, 2014                              _____/s/ Gordon J. Quist_____
                                                                    GORDON J. QUIST
                                                                    UNITED STATES DISTRICT JUDGE